**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:13-cv-00066-FDW**

| | |
|---|---|
| ERIC S. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALAN NORMAN, Cleveland ) | |
| County Sheriff; THOMAS ) | **ORDER** |
| LEWIS, Cleveland County ) | |
| Sheriff's Dep't Lieutenant; ) | |
| FNU DEGREE, Cleveland ) | |
| County Sheriff's Dep't ) | |
| POD Officer; ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, Plaintiff's complaint will be dismissed.

**I.   BACKGROUND**

At the time he filed his complaint, Plaintiff was detained in the Cleveland County Detention Center awaiting unspecified charges.[2] Plaintiff alleges that on February 6, 13, and 15, 2013, three pieces of legal mail were opened outside of his presence. After Plaintiff filed a grievance regarding this issue, another piece of legal mail was again opened outside of his

---

[1] The following allegations are taken as true for the purpose of this initial review.

[2] According to the website of the North Carolina Department of Public Safety (DPS), Plaintiff was convicted in Cleveland County on a felony charge of taking indecent liberties with a child, and he was sentenced to a term of six months of active imprisonment. The DPS website notes that Plaintiff was also sentenced to a term of probation following his release, and he is now listed as an absconder from probation/parole supervision.

1

presence. Plaintiff seeks injunctive relief which would order a change in the detention center's mail handling procedures and for the Cleveland County Sheriff's Department to pay all of his legal fees associated with bringing this action.

## II. STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

There is no question that prisoners must have reasonable access to present claims in court. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977). Plaintiff does not, however, make a

claim in his complaint that he is being denied <u>any</u> access to the courts, but rather he contends that four pieces of legal mail which were addressed to him were opened outside of his presence. In order to show a denial of access to the courts, a prisoner must demonstrate an actual injury or that a defendant's alleged conduct impeded his right to access the courts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 351-52 <u>(1996</u>). After considering the treatment of the four pieces of legal mail at issue in his complaint, the Court finds that Plaintiff has failed to state a claim under Section 1983.

Finally, Plaintiff's claim for injunctive relief to reform the Cleveland County Sheriff's Department's method of handling legal mail must fail because it appears to be moot in light of Plaintiff's current absconder status. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969) (internal citation omitted).

### IV.    CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim for relief and the complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

Signed: July 1, 2015

Frank D. Whitney
Chief United States District Judge

3